[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence January 22, 1996 Date of Application January 22, 1996 Date Application Filed January 23, 1996 Date of Decision November 26, 1996
Application for review of sentence imposed by the Superior CT Page 168-F Court for the Judicial District of Hartford at Hartford. Docket No. CR94-459502
Kenneth Simon, Esq., Defense Counsel, for the Petitioner.
Carl Taylor, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner was given a 12 year sentence as a result of his conviction of manslaughter in the 1st degree, a violation of C.G.S. § 53a-55 (a)(1). He was originally charged with felony murder, a violation of C.G.S. § 53a-54b, however, after a trial by jury he was found guilty of the lesser included offense of manslaughter. Petitioner's criminal history goes back to 1979 and primarily consists of misdemeanors and narcotics violations. This incident occurred in 1994, two years after his last conviction.
According to the record, the petitioner was returning home CT Page 168-G one day when he saw his mother who said she had seen the victim running out of her apartment. At the same time, the petitioner spotted the victim carrying a so-called "boom box" running from his mother's apartment. The petitioner gave chase, the two fought, a knife was produced and the victim was stabbed and later died from his wounds.
According to counsel for the petitioner, the victim was known to be neighborhood addict. He says his client's reaction was focused on his mother's distress and his recognition of his boom box in the hands of an addict just coming from his mother's apartment. At the trial, the petitioner attempted to show the stabbing was in self defense because at least one of the witnesses says he or she saw the victim pull the knife, but it is apparent the jury did not find this version credible. As a result, he was convicted of manslaughter in the 1st degree and received a 12 year sentence. The Division is asked to give consideration to the circumstances surrounding the stabbing, suggesting the sentencing court did not.
Counsel for the state points out that the petitioner has already received the benefit of the doubt by the jury who heard the evidence and convicted on the lesser included offense. Counsel says that this was an extremely lenient sentence, especially when one considers that the victim's life was lost. CT Page 168-H Vigilantism is not an acceptable alternative to the rule of law and we are told the act was committed in the presence of children. The state also argues that the petitioner has shown no remorse and declares "God killed him," when asked about the incident. We are urged to increase the sentence to 17 years to serve as the petitioner took it upon himself to be judge, jury and executioner.
The petitioner addressed the Division and said he had no intent to take another person's life and that he now knows the stabbing was wrong. He explained that his statement that the victim's death was an act of God was misinterpreted and taken out of context.
After reviewing the file and transcript, we are compelled to conclude that the sentence imposed was fair and proportionate. The trial court had the opportunity to hear the evidence, witness the jury's conclusion and observe the petitioner's demeanor. It is clear to us that consideration was given regarding the emotional pitch which prevailed at the time of the incident. The sentence imposed was neither disproportionately high or unreasonably low when the provisions of P.B. § 942 are taken into account. A life was taken without justification and petitioner's criminal record clearly demonstrates he was no stranger to the criminal justice system. Nevertheless, he was CT Page 168-I given a sentence nearly one-half of the potential maximum.
Accordingly, we affirm the sentence.
Stanley, J.
Purtill, J.
Klaczak, J.
Stanley, J, Purtill, J. and Klaczak, J. participated in this decision.